*Court of Common Pleas, Lebanon County, November 17th, 1857.*

### BAEHLER *v.* HARTMAN.

When persons make a written contract for the performance of a certain piece of work, and extra work is afterwards done with the verbal assent of the parties, the contractor cannot recover for it in an action of covenant upon his article of agreement; and the recovery in such suit for the work originally contracted for will not debar him from bringing an action of assumpsit for the extra work. This is his proper remedy, and he is not obliged to sue in case for the whole work.

Logan *v.* Caffrey, 6 Casey, 196, distinguished.

BY THE COURT.—This suit is brought to recover the amount of work done by plaintiff, for defendant, in putting up the back wall of a lager beer vault. It is conceded that the work was done, and the value thereof is admitted to be $241.38, for which your verdict is to be rendered, if the plaintiff is entitled to recover on the facts proved or agreed on. The parties entered into an article of agreement for the construction of the beer vault, on the 23d of October, 1856, which is in evidence. An action of covenant was brought on that article to April Term, 1857, and a recovery had on trial on the 21st of August, of the same year, for $202.97½. In that suit the plaintiff, in addition to declaring in covenant on the article, joined a count in assumpsit for work and labor done. On the trial, after evidence given of the whole work done, including the present wall, and the number of perches of stone, both in the vault and the wall, now claimed as extra, the defendant objected that the plaintiff could not recover in covenant for any part of the work, because the original contract had been materially changed by parol, and under such change the plaintiff had done all of the work for which he now claims. It appeared on the trial then, as now, that this wall was an essential part of the vault, without which it could not be substantially and properly built; but as it appeared to be constructed different from the contract—of greatly increased thickness and the walls of a different character from those described in the writing—we were of the opinion there could be no recovery for the work so done, although the alteration was assented to by the defendant. It did not come within the covenants, and if they were claimed to have been changed by parol, the action should have been *case*. On this ruling the plaintiff, on that trial, withdrew the second count of his *narr*, and all the evidence given under it, and for all work done outside of its terms. The covenant had not been literally performed, but it was claimed that certain acts were dispensed with by the defendant. We were then of the opinion that there could be a recovery in that action for the work done under the article, but not for additional labor performed outside of it, although essentially a part of the vault and necessary for its secu-

[Baehler v. Hartman.]

rity.   We are still of the same opinion.   To secure the plaintiff against being barred of his subsequent action for this work, the second count and all the evidence given concerning the wall, for building which this claim is preferred, were withdrawn from the jury, and such withdrawal made a matter of record.   We also directed the calculation of the work then claimed to be filed, and also the verdict, when rendered, so as to show exactly what the jury had included.   It is conceded that the witness Alwine gave the same evidence before in relation to this back wall that he does now, but that is a portion of the evidence withdrawn on withdrawing the claim.   On this statement of facts, two questions arise as to the bar of the former action interposed by the defendant.   1st. Could the plaintiff have recovered for this work in the suit heretofore tried?  2d.  If he could not, was it his duty to have brought an action on the case, so as to have recovered his entire claim in one suit?  The wall for which this suit was brought does not by any means correspond with any of those described in the article.   The front wall was to be two and one-half feet, and each of the three other walls two feet, and the arch two and one-half feet thick.   This was four, three and one-half, and three feet thick, a portion of the work built to sustain and guard the other walls.   From the description given on the former trial, where all was detailed fully and at large, we were of the opinion that this wall was in the nature of additional work, essential to the vault, but not contemplated or described in the article; and, although the change was made with the assent of the defendant, and was to be paid for by the perch at the same price with the other work, yet there could be no recovery for it; the article did not embrace it, and we are still of the same opinion.

The defendant contends that as all of the work to the vault was done before the first suit was brought, the action should have been case and not covenant, whereby the plaintiff could have recovered his entire claim at once, and not having so sued, he is precluded from recovering any part of it in the present action. To support this position, they rely on Logan v. Caffrey (6 Casey, 196).   That suit was on a book account for work and labor done under an entire contract of hiring.   The account was an entirety, as was also the contract.   There was no legal principle in the way of recovering the whole claim in that suit, but the plaintiff was not prepared with evidence to support a part of it, consequently it was withdrawn.   A party is not permitted to split up his book into separate items, and annoy his adversary with several suits, when the whole could as well be recovered at once.   But in the present case there could be no joinder of claims.   A portion was performed under a written contract, and according to the terms of the covenant; the other was work not embraced within the covenant, was done under a subsequent contract, and although

[Baehler *v.* Hartman.]

necessarily a portion of the beer vault, and essential to its safety, yet it could not be recovered in the first action, nor could the plaintiff join covenant and case, although it is possible that in an action on the case the whole might have been recovered, yet that is by no means certain, as the work was done under the article so far as was required by the writing, and that now claimed was in addition, formed no part of it. The plaintiff, therefore, was not obliged to waive his written contract and bring an action on the case, and the defendant successfully objected to the joinder of case with covenant, or to a recovery for this work under the contract, as it did not come within its terms. The claim was consequently withdrawn, together with the counts in the *narr* on which it was predicated. This is unlike the cases referred to in 3 W. & S. 143, 6 W. 373, 2 W. 246, and 9 S. & R. 424, which were all actions, either on instruments payable in instalments, and that claimed in the second, not due when the first suit was brought, cr for money had and received, when a portion came to the hands of the defendant after the first action was commenced, in none of which cases could the party, by any possibility, have recovered that which was claimed in the second action. It is true he was equally precluded from recovery here, as the work was not done under his written contract, but the money was then due and payable, and the only question is, must the party pursue such a remedy as will cover his entire claim? We think not. As well might it be contended that when a man holds the bond of another, and also has a book account against the same party, that he must join all in one action, under the penalty of losing the one omitted. Even if the bond was entered as a charge in the book account, and the plaintiff could prove a promise to pay the whole, he would not be obliged to resort to his action of assumpsit alone, but could bring that action on his account and debt on his bond. In Killion *v.* Wright (Leg. Int. of April 8th, 1859) it is said, "If claims may be counted on separately, they are separate causes of action, and a suit for one is no bar to a suit for another, and as a plaintiff is not bound to account for several claims in one action unless on an order to consolidate, so when he does so account, he may, with leave of the court, withdraw one of them, and then it stands as a claim not sued upon, and may be the subject of a future action." This principle we consider decisive of the present case. There was an illegal joinder of counts, covenant with assumpsit, which would have been fatal in demurrer or in arrest of judgment. The defendant successfully objected to the present claim on the former trial, and on the ruling of the court it was withdrawn, the *count* and all of the evidence under it. Great pains were taken to have the facts fully appear on the record, both in the verdict, the calculation submitted to the jury, the notes, and on the docket itself. Great injustice would now be done the

[Reinoehl & Meily v. Arentz.]

plaintiff if he should be prevented from recovering that portion of his claim, and we do not consider him precluded by any rule of law.    The amount due for this work is admitted, with interest computed to the present time.    Your verdict will, therefore, be rendered in favor of the plaintiff for that sum, as the admissions and proofs make the case entirely a question of law.

AFFIRMED BY THE SUPREME COURT, May 31st, 1860.    Not reported.

*Boughter,  for plaintiff.*

*Kline and Funck, for defendant.*